36 F.3d 1102
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
IMPERIAL PALACE, INC. V.E.B.A. Trust Employee Medical
Benefit Plan; Imperial Palace, Inc., V.E.B.A. Trust and
Ralph Engelstad as Trustee; Provident Life and Accident
Insurance Company, Defendants-Appellants,
v.
Roy L. ODEKIRK, Plaintiff-Appellee.
 No. 93-15229.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 12, 1994.
Decided Sept. 2, 1994.
 
 1
 Before: NORRIS, THOMPSON, and TROTT, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 
 3
 Roy Odekirk was employed by Imperial Palace and covered under its employee benefit plan ("the Plan"). While performing a two-hour freelance job not related to his work at Imperial, Odekirk fell off a moving platform and was rendered paraplegic. The Plan refused to pay Odekirk's medical bills, citing to a provision of the Plan which excluded benefits for "work-related illness." Odekirk filed a claim in federal court pursuant to 29 U.S.C. Sec. 1132(a)(1)(B) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") against defendants to challenge the denial of benefits. The district court issued summary judgment for the plaintiff. Defendants now appeal. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We reverse.
 
 
 4
 We review determinations of whether the administration of a plan comports with ERISA de novo. Williams v. Caterpillar, Inc., 944 F.2d 658, 661 (9th Cir.1991). In this case, the district court found that the Plan exclusion for "work-related illness" was ambiguous. The district court reasoned that, at first reading, the "work-related illness provision" appeared only to address double recovery for worker's compensation. The language was not explicit enough, therefore, to put a reasonable insured layperson on notice that he loses benefits when he performs any outside work for pay, no matter how slight. Because of this ambiguity, the district court construed the Plan in favor of the insured. Kunin v. Benefit Trust Life Ins. Co., 910 F.2d 534, 540 (9th Cir.1990).
 
 
 5
 We disagree. The Plan excluded benefits for "work-related illness," which was defined to include "bodily injury" which "arises from or is sustained in the course of work for pay, profit or gain." ER tab 24, Exh. "F" at 8, 10, & 42. The language is unambiguous. Odekirk did sustain bodily injury in the course of work for pay. His injury, therefore, falls directly within the scope of uncovered expenses. Furthermore, "work-related illness" language did not address the problem of double recovery because a separate provision covered worker's compensation. Id. at 41. The language of the Plan was explicit enough to put an insured layperson on notice that he loses coverage when he performs outside work for pay.
 
 
 6
 Because the phrase "work-related illness" as explicitly defined is unambiguous, we need not reach the question of whether the district court erred in reviewing the Plan Administrator's interpretation of the Plan de novo rather than applying an abuse of discretion standard.
 
 
 7
 REVERSED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3